IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ROBERT W. HASSETT, III**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-609-JJF |
| | : | |
| **RICHARD KEARNEY**, | : | |
| Warden, and **CARL DANBERG**, | : | |
| Attorney General of the State of | : | |
| Delaware, | : | |
| | : | |
| Respondents.[1] | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In June 2001, the petitioner, Robert W. Hassett, III, was convicted by a Delaware Superior Court jury of first degree murder and possession of a deadly weapon during the commission of a felony. *See Hassett v. State*, 2005 WL 1653632, *1 (Del.). Hassett was sentenced to life imprisonment without parole for murder and to a consecutive 20-year prison term for the weapons offense. *See id*. On appeal, the Delaware Supreme Court affirmed Hassett's convictions and sentence. *Hassett v. State*, 2002 WL 1009861 (Del.). In May 2003, Hassett filed *pro se* motions for a new trial and postconviction relief. *See State v. Hassett*, 2004 WL 2419139, *1 (Del. Super. Ct.). Superior Court denied the motions in August 2003 and Hassett appealed. *Id.* The Delaware Supreme Court, determining that a more complete record would be helpful, remanded the matter to obtain the trial counsel's response to claims of

---

[1] *See*.FED.R.CIV.P. 25(d)(1). Attorney General Carl Danberg assumed office on December 8, 2005, replacing former Attorney General M. Jane Brady, an original party to this case.

ineffective assistance of counsel or for a hearing. *See id*. Trial counsel submitted an affidavit, Hassett responded, and Superior Court conducted an evidentiary hearing. *Id*. Thereafter, Superior Court denied Hassett's postconviction motion and upheld its earlier denial of his motion for a new trial. *Id*. at *2, *7. On June 24, 2005, the Delaware Supreme Court affirmed the Superior Court's judgment. *Hassett v.State*, 2005 WL 1653632 (Del.). Hassett's federal habeas petition is dated August 12, 2005.

## Facts

As detailed by the Delaware Supreme Court in *Hassett*, 2005 WL 1653632 at *1, the facts leading to Hassett's arrest and conviction are as follows:

> The evidence at trial established that, in May 2000, Hassett lived in an apartment adjoining his father's mobile home near Seaford, Delaware. There was friction between Hassett and his father because of Hassett's loud music and partying. One evening, bothered by the noise from the apartment, Hassett's father told him he would have to move out. Hassett's friend, Jason Coggin, was with Hassett in the apartment at the time. According to Coggin, Hassett became angry with his father and stabbed the wall between the apartment and the mobile home with a steak knife. Later, Hassett, who had been drinking heavily and smoking marijuana, met his stepmother outside the apartment. Shortly thereafter, there were screams. Hassett returned to the apartment and told Coggin that he had killed his stepmother. The two of them carried her body into the apartment. Hassett then went into the mobile home to get some money. After threatening his father with a knife, Hassett drove away in his stepmother's car. Hassett's father called 911 and told the officer dispatched to the scene what had happened. Hassett testified at trial that it was Coggin who had killed his stepmother, but the jury did not find his story to be credible.

## Discussion

In his petition for federal habeas relief, Hassett raises the following grounds for relief: (1) the state prosecutor coerced a witness into providing false testimony and the prosecutor's closing argument improperly commented on Hassett's state of mind; (2) trial counsel failed to provide effective assistance by failing to investigate the state's witness, failing to investigate

2

Hassett's mental health, failed to obtain the testimony of a drug expert, failed to present witness to jury misconduct, and only met with Hassett three times; and (3) the trial court erred in the following ways - by failing to find prejudice due to alleged juror contact with a member of the victim's family, by failing to declare a mistrial instead of providing a cautionary instruction concerning the prosecutor's rebuttal argument, by denying Hassett's request for co-counsel, and by denying Hassett's motion to dismiss counsel. D.I. 2, 3. Hassett presented his claims to the state supreme court on direct appeal or on appeal from the denial of his postconviction motion, thus exhausting state remedies. *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Hassett's claims, however, do not provide a basis for relief.

*Procedurally barred claims*

Hassett's claims that the prosecutor improperly commented on Hassett's state of mind, that the trial court erred by failing to find prejudice from alleged juror contact, and that the trial court erred by denying Hassett's requests for co-counsel and to dismiss counsel, are all procedurally barred. After finding that a petitioner has exhausted state remedies, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989). As to these claims, Hassett did not comply with state procedural requirements. Hassett presented his claims in his postconviction motion without having presented the issues on direct appeal. Under Superior Court Criminal Rule 61(i)(3), any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is thereafter barred unless the petitioner shows cause for the procedural default and actual prejudice. The Delaware Supreme Court found no abuse of discretion in the trial court's

finding these claims to be procedurally barred.[2]  *See Hassett*, 2005 WL 1653632 at *2-3. Hassett, having failed to comply with Criminal Rule 61(i)(3), failed to comply with the relevant state procedural requirements.  *See Lawrie v. Snyder*, 9 F. Supp.2d 428, 451 (D. Del. 1998); *Flamer v. Chaffinch*, 827 F. Supp. 1079, 1087-88 (D. Del. 1993) (finding that Criminal Rule 61(i)(3) is an adequate state ground to preclude federal habeas review), *aff'd*, 68 F.3d 710 (3d Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1088 (1996).  Thus, federal habeas review of these claims is barred unless Hassett establishes cause for his procedural default in the state courts and actual prejudice.  *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Dawson v. Snyder*, 988 F. Supp. 783, 804-05 (D. Del. 1997); *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. at 805.  To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 179 (1982); *Dawson*, 988 F. Supp. at 804-05.  Hassett has not alleged cause for his failure to raise this issue on direct appeal in the first instance and his claim can be dismissed on

---

[2] The Delaware Supreme Court also rejected these claims as meritless.  As long as the state court explicitly invokes "a state procedural bar rule as a separate basis for decision," an alternate holding on the merits does not preclude a federal habeas court from finding the claim procedurally barred on the basis of an independent and adequate state procedural ground. *Johnson v. Pinchak*, 392 F.3d 551, 558 (3d Cir. 2004); *United States ex. rel Caruso v. Zelinsky*, 689 F.2d 435, 440 (3d Cir. 1982).

that basis alone. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 501 (D. Del. 2003). Further, Hassett cannot show prejudice.

Hassett contends that the prosecutor improperly insinuated in his closing argument that Hassett was a liar. The state supreme court found that the state prosecutor argued legitimate inferences of guilt based on the evidence presented at trial. *Hassett*, 2005 WL 1653632 at *2; *see also United States v. Jones*, 470 U.S. 1, 10 n.7 (1985) (citing ABA Standard for Criminal Justice 4-7.8). The court further found that nothing in the state's closing argument "contravenes this general principle or . . . constitutes improper 'vouching.'" *Hassett*, 2005 WL 1653632 at *2. Hassett testified at trial that when Coggin allegedly stabbed Hassett's stepmother, Hassett "was too shocked to do anything." B-165, State's Appendix in Del. Supr. No. 468, 2003. In closing, the prosecutor argued that Hassett's "shock" was not the type that prevented him from fleeing in his stepmother's car and hiding the car and his bloody clothes. D.I. 4 at A-4. This argument was certainly based on the evidence at trial and Hassett thus cannot establish any prejudice from the entirely proper closing argument of the state prosecutor.

Additionally, Hassett cannot establish prejudice from the trial court's failure to secure a witness to alleged juror contact with the victim's family. A spectator reported that a juror may have had contact with a member of the victim's family. Upon questioning, the juror denied having any such contact. There was no request from either side to have the juror removed. The trial judge informed defense counsel that if he wanted to pursue the matter further, and if the person came forward under oath to say there had been an encounter, the judge would reconsider the matter. B-70-71, State's Appendix in Del. Supr. No. 468, 2003. Counsel replied that he had the telephone number for the person and would contact her. B-71, State's Appendix in Del. Supr. No. 468, 2003. No subsequent request for dismissal of the juror or for a hearing was made. *See*

*Hassett*, 2005 WL 1653632 at *2. Other that speculating that the juror was tainted by alleged contact with an unspecified relative of the victim, Hassett has not alleged how the court's failure to speak with the spectator prejudiced him at trial. Mere speculation is insufficient to establish actual prejudice. *See Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000).

Finally, Hassett cannot establish prejudice due to the trial court's refusal to appoint co-counsel or to appoint new counsel. There is no constitutional violation in not appointing co-counsel. *See Riley v. Taylor*, 277 F.3d 261, 306-07 (3d Cir. 2001). Hassett has not demonstrated that his case was unusually complex or that counsel was ineffective representing the defendant on his own. Further, Hassett makes only conclusory allegations that he was forced to proceed with ineffective counsel. D.I. 3 at 24. Hassett asserts that a new attorney would have presented a defense of extreme emotional distress, while simultaneously asserting that "[t]his by no means infers the defendant's admissions to the said crime." *Id*. Hassett could not have proceeded with such a defense without acknowledging that he actually killed the victim. *See* Del. Code Ann. tit. 11, § 641 ("The fact that the accused intentionally caused the death of another person under the influence of extreme emotional distress is a mitigating circumstance . . ."). Thus, Hassett cannot show prejudice from the trial court's failure to appoint new counsel for Hassett.

*Prosecutorial misconduct – coercion of witness*

Hassett asserts that state prosecutors coerced Jason Coggin to falsely testify against him at trial. In support of this claim, Hassett relies on Coggin's post-trial affidavit in which Coggin states that he lied on the witness stand. Hassett complains that the state courts rejected this claim as procedurally barred. The state supreme court, however, after considering the claim on the merits, found that the trial court "was within its discretion to summarily reject the affidavit as unreliable and to deny Hassett's motion for a new trial." *Hassett*, 2005 WL 1653632 at *2.

Section 104 of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, codified as 28 U.S.C. § 2254, restricts the scope of collateral review of convictions and sentences for persons in custody pursuant to the judgment of a state court. Factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *See Weeks v. Snyder*, 219 F.3d 245, 258 (3d Cir. 2000); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001). Factual issues are "facts 'in the sense of a recital of external events *and the credibility of their narrators* . . .'" *Townsend v. Sain*, 372 U.S. 293, 309 n. 6 (1963) (quoting *Brown v. Allen*, 344 U.S. 443, 506 (1953)) (emphasis added). Because the "trial court is better positioned to make decisions of this genre, . . . the judgment of the jurist-observer [is given] presumptive weight." *Thompson v. Keohane*, 516 U.S. 99, --, 116 S.Ct. 457, 464 (1995); *accord Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996). Moreover, this "presumption . . . can only be overcome on the basis of clear and convincing evidence to the contrary." *Stevens v. Del. Correctional Ctr.*, 295 F.3d 361, 368 (3d Cir. 2002). To prevail, a petitioner must demonstrate by clear and convincing evidence that the state court's determination of the facts was objectively unreasonable in light of the evidence available. Mere disagreement with the state court, or even a showing of erroneous

factfinding by the state, will be insufficient to warrant relief if the state court acted reasonably. *See Lambert v. Blackwell*, 387 F.3d 210, 235 (3d Cir. 2004).

In this case, the trial court explicitly found that Coggin did not specifically recant any of his trial testimony. *State v. Hassett*, ID No. 0005011315, letter order at 4 (Del. Super. Ct. Aug. 25, 2003) (attached to State's Answering Supplemental Memorandum in Del. Supr. No. 468, 2003). The court rejected Coggin's "nebulous statements" as insufficient to establish that he had been coerced by police into perjuring himself at trial. *Id*. at 5. On appeal, the Delaware Supreme Court also found that Coggin's affidavit allegedly recanting his trial testimony was "not specific as to either the nature of the coercion or the nature of his alleged lies on the witness stand." *Hassett*, 2005 WL 1653632 at *2. Thus, the court found that the trial court was within its discretion to reject the affidavit as unreliable. *Id*. The state court having found that Coggin's affidavit was unreliable, and Hassett having failed to rebut the presumption of correctness attached to this finding, this claim should be dismissed.

*Prosecutor's rebuttal argument*

Hassett complains that the trial court erred when instead of declaring a mistrial, the court gave the jury a cautionary instruction about the prosecutor's rebuttal argument that Hassett tailored his testimony to the evidence presented at trial. Section 104 of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, codified as 28 U.S.C. § 2254, however, restricts the scope of collateral review of convictions and sentences for persons in custody pursuant to the judgment of a state court. As amended, § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceeding unless the adjudication of the claim--

8

>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000); *Werts v. Vaughn*, 228 F.3d 178, 196-97 (3d Cir. 2000); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir.) (*en banc*), *cert. denied*, 528 U.S. 824 (1999) (determining the standard of review governing petitions for a writ of habeas corpus under revised § 2254(d)). Thus, under revised § 2254, a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir.), *cert. denied*, 537 U.S. 1049 (2002); *Matteo*, 171 F.3d at 885; *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 434 (D. Del. 1998). As explained by the Third Circuit, a federal court's consideration under § 2254(d)(1) of a habeas petitioner's claim proceeds in two steps. The court "must first identify the applicable Supreme Court precedent and determine whether it resolves the petitioner's claim." *Werts*, 228 F.3d at 197. "If [the court] determine[s] that the state court decision is not 'contrary to' the applicable Supreme Court precedent, then [the court is] required to advance to the second step in the analysis – whether the state court decision was based on an 'unreasonable application of Supreme Court precedent.'" *Werts*, 228 F.3d at 197. In this case, the decision of the state courts is a reasonable application of the relevant constitutional standards.[3]

---

[3] To the extent that Hassett argues that under Delaware law such comments are banned, that is not a federal constitutional issue and is consequently not cognizable in federal habeas.

During his rebuttal argument, the prosecutor commented that Hassett had been present throughout the testimony of the other witnesses at trial and he had the opportunity to view all the evidence against him before he took the stand. *See* B-54-55, State's Appendix, Del. Supr. No. 420, 2001. There was no objection by the defense. Later, after an objection to another of the prosecutor's comments, the trial judge informed the parties that he intended to instruct the jury that the defendant had every right to be present during the testimony of the other witnesses and that the jury should take everything into consideration when determining credibility. *See* B-62, State's Appendix, Del. Supr. No. 420, 2001. The judge noted that the United States Supreme Court had found this type of argument not to be a constitutional violation, but suggested that a trial judge may want to give a cautionary instruction. B-64, State's Appendix, Del. Supr. No. 420, 2001. The court thereafter gave a cautionary instruction suggested in a footnote in *Portundo v. Agard*, 529 U.S. 61 (2000). B-66-67, State's Appendix, Del. Supr. No. 420, 2001. On appeal, the state supreme court affirmed on that basis. *See Hassett*, 2002 WL 1009861 at *1.

As noted by the trial court, the United States Supreme Court specifically addressed the precise issue of commenting on a testifying defendant's presence during the presentation of evidence at trial. *See Agard*, 529 U.S. 61. Agard's trial, like Hassett's, ultimately came down to a credibility determination. Just as in this case, the prosecutor pointed out that Agard had been exposed to all the evidence at trial before testifying. The United States Supreme Court found that a jury would clearly be aware of the defendant's presence during trial and that was a fact that could be weighed in making a credibility decision concerning the defendant's testimony. "Allowing comment upon the fact that a defendant's presence in the courtroom provides him a unique opportunity to tailor his testimony is appropriate – and indeed, given the inability to sequester the defendant, sometimes essential – to the central function of the trial, which is to

discover the truth." *Id.* at 73. Thus, the state court properly identified the relevant Supreme Court precedent, and consequently the state court's decision to reject this claim was not contrary to the applicable Supreme Court precedent. *See Werts*, 228 F.3d at 197. Moreover, because the relevant facts of this case are similar to the facts in *Agard*, and the legal analysis is precisely on point, the state court's decision to reject Hassett's claim is a reasonable application of the applicable Supreme Court precedent. Under the federal habeas statute, "it is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). Hassett has failed to carry his burden, and his claim should accordingly be dismissed.

*Ineffective assistance of counsel claims*

Finally, Hassett asserts that his trial counsel was constitutionally ineffective by: failing to investigate Hassett's mental health to ascertain whether he was competent to assist in his own defense; failing to investigate or prepare for cross examination of several witnesses; failed to secure a drug expert to opine as to the effects of various medications Hassett was taking at the time of the crime; failed to secure the witness concerning the juror contact with the victim's family member; and only meeting with Hassett on three occasions and failing to discuss the facts of the case. These claims were rejected by both the Superior Court and the Delaware Supreme Court. Now, in federal habeas proceedings, Hassett is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis*, 278 F.3d at 228; *Matteo*, 171 F.3d at 885; *Lawrie*, 9 F. Supp. 2d at 434. The clearly established federal law which governs ineffective assistance of counsel claims is the two-pronged standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984),

and its progeny. *See Reed v. Carroll*, 2005 WL 2086745, *9 (D. Del.) (citing *Wiggins v. Smith*, 539 U.S. 510 (2003)). In this case, the Delaware state courts correctly identified the two-prong *Strickland* standard to Hassett's ineffectiveness claims. Thus the state supreme court's denial of the claims was not contrary to clearly established federal law. *See Williams v. Taylor*, 529 U.S. 362, 406 (2000).

Moreover, the state courts reasonably applied the rule to the specific facts of Hassett's case. *See* 28 U.S.C. § 2254(d)(1). To prevail on a claim of ineffective assistance of counsel, a petitioner must first demonstrate that counsel's performance at trial or on appeal fell below "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In evaluating whether counsel performed reasonably, a court "must be highly deferential." *Id*. at 689. Therefore, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (quotation omitted). Second, a petitioner must illustrate that counsel's ineffective performance caused prejudice. *See Strickland*, 466 U.S. at 687. The Third Circuit has stated that prejudice occurs where "there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) (citing *Strickland*, 466 U.S. at 668); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

Hassett contends that his counsel should have investigated (but did not) his mental health status to determine if any possible defenses such as extreme emotional distress could be presented at trial. Further, Hassett asserts that his counsel should have retained an expert to ascertain the effects of drugs and alcohol on his behavior at the time of the murder. D.I. 3 at 12-13. After an evidentiary hearing related to Hassett's postconviction claims, the Superior Court found that Hassett had been competent to stand trial, and he had remained competent throughout

the trial. *See Hassett*, 2005 WL 1653632 at *3. Moreover, Hassett's counsel testified at the evidentiary hearing that he had contacted a psychologist regarding possible mental health issues, but that Hassett refused to admit to stabbing his stepmother, so counsel decided not to pursue a mental health defense. *See Hassett*, 2004 WL 2419139 at *4-5. In addition, voluntary intoxication is not a defense,[4] and could not be asserted to negate intent unless Hassett conceded that he stabbed the victim. *See Hassett*, 2004 WL 2419139 at *5. Because Hassett was adamant that he did not kill his stepmother, defense counsel was reasonable in deciding not to pursue a mental health defense. Further, because the trial court found that Hassett was competent at all relevant times, Hassett cannot establish prejudice from any failure to investigate Hassett's mental health. Thus, the state courts' finding that Hassett was not prejudiced by his attorney's decision not to investigate Hassett's mental health issues was a reasonable application of the *Strickland* standard.

In another claim of ineffectiveness of counsel, Hassett asserts that his counsel failed to investigate or prepare for cross-examination of several witnesses. *See* D.I. 3 at 10. Trial counsel, in response to Hassett's allegations, informed the trial court that he did not receive the names of the prosecution witnesses until the trial began, and he did not receive their statements until the day that witness was to testify. *See Hassett*, 2004 WL 2419139 at *6. Hassett alleges that counsel lied about this, supporting this contention by referring to his counsel's letter to the trial judge. D.I. 3 at 11. Trial counsel's letter, however, refers only to when he received discovery from the prosecutor, not a witness list. *See* D.I. 4 at 56-57. The trial court found that Hassett's submission of unverified, unsworn statements and citations to the transcript of trial were insufficient to support a claim that his counsel failed to investigate. *See Hassett*, 2004 WL

---

[4] *See* DEL. CODE ANN. tit. 11, § 421; *Wyant v. State*, 519 A.2d 649 (Del. 1986).

2419139 at *6. Hassett failed to allege beyond mere speculation what his counsel would have discovered had he investigated further and how that information would have assisted in Hassett's defense at trial. The state supreme court agreed with the trial court that 'there is no evidence that any alleged error on the part of his counsel resulted in prejudice to [Hassett]." *Hassett*, 2005 WL 1653632 at *4. Nothing in Hassett's submissions supports his contentions. Consequently, it is evident that the Delaware Supreme Court reasonably applied the *Strickland* standard in rejecting this claim.

Next, Hassett alleges that he was prejudiced by his counsel's failure to secure the witness who had allegedly seen Juror No. 2 talking with a family member of the victim. D.I. 3 at 13-14. Trial counsel, in response to his client's allegations of ineffectiveness, informed the court that the witness who reported the incident was June Bramble, Hassett's aunt. *See Hassett*, 2004 WL 2419139 at *6 & n.7. After questioning the juror, the court was satisfied that no such contact had occurred, but instructed defense counsel to inform the court if he learned that Bramble had a different version of events. *Id.* at *6. The record is devoid of evidence as to whether defense counsel contacted Bramble or not, but counsel did not request further action by the court. Although Hassett complains that his counsel failed to obtain an affidavit from Bramble, there is nothing to suggest that her testimony would have contradicted the juror's version of events. Moreover, as noted by the trial court, Hassett had access to Bramble, and Hassett could certainly have obtained an affidavit from her to support his claim. *See id.* at *7. Further, Hassett failed to allege prejudice other than his conclusory claim that if the contact had occurred, he would have been granted a mistrial. Hassett failed to establish either prong of the *Strickland* test, and thus the state court was reasonable in rejecting this claim.

Finally, Hassett complains that his counsel only met with him three times and did not fully discuss the facts of the case. D.I. 3 at 15. Apparently, Hassett believes that if his attorney had spent more time with him, counsel would have been able to ascertain whether Hassett was telling the truth or suffering from hallucinations. *Id*. at 16. Hassett, however, does not explain how his counsel was to make this determination or how counsel's failure to discern when his client was lying to him prejudiced Hassett at trial. The trial court found that because trial counsel was constrained to a single defense of "I didn't do it, he did," regardless of how many meetings counsel had with Hassett, unless Hassett was willing to admit culpability, no amount of meetings would have suggested an alternate defense. *See Hassett*, 2004 WL 2419139 at *6; *see also Strickland*, 466 U.S. at 691. Thus, Hassett did not demonstrate prejudice from his counsel's alleged failure to meet with him more than three times, and the state courts' decision to deny this claim was a reasonable application of *Strickland*.

## Conclusion

Based upon the Superior Court docket sheet, it appears that, a transcript of Hassett's arraignment, preliminary hearing, jury trial, sentencing, and postconviction evidentiary hearing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date:  December 21, 2005