**ORIGINAL**

# In The United States District Court For the District of Delaware

Robert W. Hassett III,
    Petitioner

v.                                              Civ. Act. No.
                                                05-609-JJF
Richard Kearney,
Warden, and Carl Danberg,
Attorney General of the
State of Delaware,
    Respondents

FILED
2006 JAN -6 PM 3:05
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Petitioners Reply Brief For 28 U.S.C. § 2254 Habeas Corpus

Date: 12-30-05

Robert Hassett
Pro Se
SBI # 337363
P.O. Box 500 S.C.I.
Georgetown, Del.
19947

# Table of Contents

page

Table of contents .............................. I
Table of citations ............................. II
Argument I .................................... 1
    Trial court error (A-D)
Argument II ................................... 8
    Prosecutor misconduct (A-B)
Argument III .................................. 13
    Ineffective assistance of counsel (A-E)

Conclusion .................................... 25

I.

# Table of Citations

| Cite | State | page |
|---|---|---|
| Bialach v. State 773 A2d 383 | | 3 |
| Outten v. State 720 A2d 547 | | 3 |

**Federal**

| Cite | page |
|---|---|
| Campbell v. Vaughn 209 F.3d 280 | 9 |
| Evans v. Lewis | 24 |
| Goodwin v. Balkcom 684 F.2d 794 | 16 |
| Hall v. Washington 106 F.3d 742 | 15 |
| Johnson v. Dugger 911 F.2d 440 | 14 |
| McEachin v. Ross 951 F.Supp. 478 | 1 |
| McCandless; 172 F.3d at 260 | 5 |
| McLaughlin v. Carroll 270 F.supp 2d 496 | 5, 10 |
| Miller v. Wainwright 798 F.2d 426 | 17, 20 |
| Moscato v. Fed. Bureau of Prison 98 F.3d 252 | 1, 2 |
| People v. Haskett 30 Cal.3d 841 | 13 |
| People v. Pitts 223 Cal.App.3d 606 | 13 |
| Strickland v. Washington 446 U.S. 668 | 15, 20 |
| U.S. v. Burrows 872 F.2d 915 | 18, 24 |
| Wenger v. Frank 266 F.3d 218 | 10 |
| Whelan v. Noelle 966 F.Supp 992 | 2 |

II.

## Table of Citations Cont.

Cite             page

### U.S.

Alvord v. Wainwright 469 U.S. 956 .... 18
Coleman v. Thompson 501 U.S. 722 .... 5
Edwards v. Carpenter 529 U.S. 446 .... 10

### Rule & Law

Del. Crim. Law. 1439 ............ 1
Del. Crim. Law 1429 (2) ........... 1
Super. Ct. Crim R. 61(i)(3) ......... 2
28 U.S.C. §§ 2254 (d)(2)(e)(1) ........ 9

### Constitution Autority

6th amendment U.S. ........... 23
8th amendment U.S. ........... 23
14th amendment U.S. ........... 23

III.

## Argument I

The state claims that the petitioner's claims are proceedurally barred, do to the fact that the petitioner did not file these arguments on direct appeal. Under Del. Crim. Law ~ 1439, just cause excuses' default. As with this case, the petitioner was forced by the court to proceed to trial with an ineffective counsel, as well as on direct appeal. According to Del. Crim. Law ~ 1429 (2), a defendants failure to present claims on a direct appeal, does not eliminate his right to file habeas corpus as long as he files his claims in an appeal within state courts. According to McEachin v. Ross 951 F.Supp 478. The federal court have the power to review a habeas corpus in the interest of justice. Even if the state courts have declared the issues such as Trial court error and prosecutor misconduct are proceedurally barred. As long as the petitioner exhausted all of his remedies, Moscato

1.

v. *Federal Bureau of Prisons* 98. F.3d 757.

The state relies on superior court criminal Rule 61(i)(3) as quoted; "any ground for relief that was not asserted in the proceedings leading to the judgement of conviction is thereafter barred unless the petitioner shows cause for the procedural default and actual prejudice." The obivious actual prejudice lies with the trial court judge. As well as defense counsel. The "objective factor external to the defense" that precluded his compliance with state procedural rules. Is that the defendant suffers mental illnesses. So as petitioner notified defense counsel of this, It was his duty to seek how this would affect the defendant in his trial. When his counsel failed to follow through on this information. The petitioner seeked relief from the trial court. At which point the trial court denied the petitioner relief. Thereby forcing petitioner to proceed in trial and on direct appeal with ineffective counsel. In *Whelan v. Noelle* 966 F.Supp 992

2.

special circumstances can warrant the District Court to review a case and decide on the merits of the case.

When a judge is presiding over any case. He is the one, who is to make sure that all rules and constitutional rights are perserved. So when a witness is needed for testimony in a trial, The judge directs an order, to insure that the integerity of the court is upheld. This same analilegy should be applied to this case in argument III (A) of opening brief. The trial court was informed that a juror member had very well committed misconduct. And there was a witness. This isn't just a miscarriage of justice, as in Bialach v. State 773 A.2d 383; Outten v. State 720 A.2d 547. But it is a direct violation of the petitioners constitutional rights. When a judge is informed of a witness who may give good cause as to the out come of the trial. The trial court failed to call this witness. The judge has a duty as an officer of the court to urge counsel to bring

3.

forth the witness. But when counsel does no investigation or doesn't even contact the witness. Knowing that this witness could greatly help his client. He is in error. At which point, it is the duty of the court to protect the defendants rights by inquesting of the witness. At which point the judges lack of concern for the rights of the defendant and his own courtroom. He is in error. So severe as to prejudice the defendant to an unfair trial.

 Then to the courts lack of direction. The defendant did not know of this allegdeel misconduct, until after the trial and direct appeal. And this is when the defendant recieved his trial transcripts. So the defendant was unable to address any issues on direct appeal. The prejudice lies in the fact that do to the trial courts errors in their decisions, before, during and after trial. As addressed in Argument III (A-D) of petitioners opening brief, This denied him the chanse to address

4.

these issues on direct appeal. Leaving him to only be able to bring these claims on post-conviction appeal. McLaughlin v. Carroll 270 F.Supp 2d 490, 501 [11-12]; "A federal court may not consider the merits of proceedurally defaulted claims unless the petitioner demonstrates either cause for the proceedural default and actual prejudice or fundamental miscarriage of justice." McCandless 172 F.3d at 260, Coleman v. Thompson 501 U.S. 722, 750-51 (1999).

There is not a bigger miscarriage of justice or violation of constitutional rights. As when a trial court forces a defendant to proceed with an ineffective counsel. Who does not give the defendant his transcripts so as to assist in his direct appeal. Therefore the petitioners arguments can't be barred. As the defendant is left to raise all his issues in a post-conviction appeal. As it was the trial courts procedural failures that caused the petitioners delay.

Finally, the prejudice that derives

5.

from the trial courts failure to appoint new counsel or co-counsel. Are as follows;
(1) The superior court appointed a Ronald Phillips to respresent the defendant. The petitioner told Mr. Phillips of his mental health issues. And Mr. Phillips stated that he would get the defendant a plea for manslaugther do to the defendants illness. When the defendant went for a plea hearing. Mr. Phillips said he was going up to the judges chambers to discuss my case. He never returned. I was informed about 6 months later that Mr. Phillips was removed from my case. (2) About 4 to 6 months before trial, Thomas Barnett sees the defendant, and tells him he is going to be found guilty. All he could do was hope for a lesser included offense. Even after petitioner notified Mr. Barnett that he suffered mental illness. And at times was confused of his own actions. Barnett still disregarded the petitioners attempts to gain help as to his actual involvement in the

6.

alleged crimes. When Barnett refused the petitioners request. The petitioner seeked the trial courts help. As Barnett was court appointed. With the courts denial of co-counsel or new counsel. The trial court committed error. As it is that a comptent lawyer, wanted to defend the petitioner (Mr. Phillips). The court removed him from the defendants case and gave the petitioner ineffective counsel on delibrate. The court knew Barnett would not defend the petitioner to an adquate performance. And with this knowledge, the trial court denied the petitioner proper counsel to gain a conviction of a mentally ill petitioner. If Mr. Phillips was able to gain a manslaugther plea agreement. Then to be taken from the case because of this. Then the new counsel says that defendant has no hope.

It could only be drawn that, had the trial court gave the petitioner new counsel. Then a very different verdict would have been rendered. As one

7.

counsel says manslaughter, and the other says "there is no hope". As well as the fact that if new counsel was appointed. Then when the incedent with the juror occurred. The counsel would have told the defendant. Therefore the burden fell on the trial court to obtain the witness' account of events. When he did not nor did he be sure that of this issue, that the defendant had complete knowledge of the issue. Creating a severe prejudice against the defendant.

### Argument II

The petitioner asserts that the prosecutors committed misconduct by coercion of a witness. The petitioner supplies the court with a notirized affidavit by the witness. The witness Jason Coggin says that he lied on the stand. So that means he committed perjury on the stand. The court in this case, "states that because the affidavit is not clear and direct as to which

8.

testimony is a lie, that the argument is moot. The state argue in there answering brief and quoted "Factual determinations by state trial and appellate courts are presumed correct assent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. see: 28 U.S.C. §§ 2254 (d)(2)(e)(1)."

Using this determination, the trial court and the appellate court are both in error, and in violation of the petitioners constitutional rights to such a degree. That it can not be over looked. The state cite; "Campbell v. Vaughn 209 F.3d 280, 286 (3rd. Cir. 2000), cert. denied, 531 U.S. 1084 (2001). Factual issues are "Facts in the sense of a recital of external events and the credibility of their narrators..." A factual issue is that Jason

9.

Coggin was the states primary witness. And for that witness to admit coercion and perjury, would show a grave injustice of law against the petitioner. The state says this is not a factual issue and cite this as reason why the petitioners claim was dismissed and barred.

This reasoning is incorrect and is an injustice, to the petitioner and the legal profession. Although the affidavit was not in detail. It states that a witness lied on the stand, in essence to gain a conviction. So without a hearing to gain the facts, is a direct violation of the petitioners 14th amendment. In McLaughn v. Carroll 270 F.Supp.2d 490, 501 [13-15] it's stated; ... a federal court may excuse proceedural default if the petitioner demostrates that failure to review the claim will result in a fundamental miscarriege of justice. Edwards v. Carpenter 529 U.S. 446, 451; 120 S.Ct 1587 (2000) Wenger v. Frank 266 F.3d 218, 224 (3rd. Cir. 2001).

10.

Although the court is in a better position to make decisions of the genre.... the trial court can not make the presumption that Jason Coggins affidavit is moot, And his testimony was good at the trial of petitioner. Reasoning that the trial court says "That the defendants defense was that Jason Coggin committed the crimes, not him". So if this is to any affect, that means the witnesses testimony was of the highest degree of perjury. With that knowledge, the trial court, and appellate court are both in error and create such an injustice to the petitioners constitutional rights as to warrant a vacation of the guilty verdicts. At the very least the trial court and the appellate should have ordered an evidentiary hearing. As to gain the exact testimony that was perjury and how much testimony that actually infected the petitioners trial.

  When a court fails to implore a fact finding investigation. The court in and of itself creates such a miscarriage

11.

of justice, that all procedural defaults are dismissed.

It is not a reasonable decision to assume that because an affidavit is not specific, as to his exact lies and perjury. It is reasonable that when a court is informed of perjuryed testimony, That a hearing be held, as well as to prosecute for the perjury. As is the law, when a person admits perjury. Therefore knowing this, the court deliberatily violated the petitioners rights.

<u>Prosecutors Closing Arguments; Argument 15</u>

The state in there answering brief, argue that the petitioner is arguing that "The prosecution erred in telling the jury that he tailored his testimony to help him. As the prosecution is in misconduct for closing statements in such a manner."

But the petitioner is in fact arguing the prosecutors vouching of the petitioners mental health/state of mind during the accused crimes. (see: opening brief; cosgrove

12.

closing argument; supra.) It's been stated time and time again by the federal and U.S. supreme court. That a prosecutor is in violation when they vouch for or against a defendant without testimony or evidence to support there argument. When a prosecutor is telling a jury that the defendants state of mental well being is a certin way. He is obligated to show cause. The prosecution in this case showed no cause. Nor any evidence to prove there closing arguments. In essence leaving the jury to believe, that he had privilegded information. People v. Haskett 30 cal. 3d 841, 866. People v. Pitts 223 Cal. App. 3d 606. The prosecution committed misconduct so severe that the miscarriage of justice can only be righted by vacating the convictions. For these reasons the petitioners habeas corpus should not be dismissed. But heard in entirely and granted.

### Argument III
Ineffective assistance of counsel

13.