Hassett's first claim is that his counsel was ineffective for failing to investigate Hassett's mental health to ascertin whether he was competent to assist, stand or even determine a defense for trial.

Counsel was aware that the defendant was mentally ill. And yet he did not even take the smallest step in any real investigation or talk with the prion psych-doctor. Nor did he gain the defendants records. The superior court and the Delaware supreme court denied Hassett his mental health records until his post-conviction in supreme court, No, 468, 2003.

The state asserts that the petitioners is not entitled to relief unless he can establish that the decision of the court was contrary to, or involved an objectivity unreasonable application of clearly established federal law, as determined by the supreme court of the United States.

It's stated in Johnson v. Dugger 911 F.2d 440 (11th cir. 1990) "Defense counsel's failure to develop evidence relevant to defendants

14.

psychological state of mind at the time of the crime, constituted ineffective assistance of counsel." In Hall v. Washington 100 F.3d 742 (7th cir. 1992) it states; "Trial counsel's failure to investigate defendants mental condition, where it is apparent from the crime itself and conversations with the defendant that he suffered from mental problems which would constitute mitigating evidence for sentencing, was ineffective assistance of counsel." This same Federal "rule/Law" concept applies to trial.

Under Strickland v. Washington 446 U.S. 668; there is a two prong test applied to the ineffective counsel claim. First, is that counsel's performance at trial or on appeal fell below "an objective standard of reasonableness". Second, is if counsel's performance caused prejudice. I address the first prong with this; It has been stated time and time again. That under the Federal rules and guidelines, that a person who is suffering mental illnesses and is being accused of a crime.

15.

Is to be treated first and foremost, before a criminal proceding can occur. In <u>Goodwin v. Balkcom</u> 684 F.2d 794 (11th cir, 1982) it states; "Trial counsels lack of pretrial investigation. Which deprived defendant of potential defense, constituted ineffective assistance". Defense counsels action can not be deemed sound trial strategy.

The prejudice that resounds from trial counsels actions or lack thereof. Is of such a degree that the petitioners pre-trial, trial and appeals were infected with complete violation of all the petitioners rights under federal law. The prejudice lies in the fact that petitioner was admitting his part in the crimes. Yet trial counsel was determined to do as he wanted. Which was to give defendant a defense of no defense, in essence.

Although the supreme court remanded this part of the case, to the superior court. To gain more information. The superior court determined that the petitioner was competent before trial and remained competent

16.

thru trial. Moreover the court contends that counsel contacted a psychologist for possible mental illnesses. Yet the petitioner denied he stabbed the victim. So defense counsel could not proceed in that line of defense. The petitioner told defense counsel "it was not him, but Jason" when asked Jason who, "Jason in me" was the response. The court would not recognized these facts. As trial counsel's excuse, was that his records were destroyed. There was testimony by Dr. Weiss, that the defendants mental illnesses come and go at any time. There as for the court to determine the petitioner was competent and there was no prejudice for counsel to proceed how he did. Was complete error.

    Defense counsel was aware of petitioners mental illnesses. Not just by petitioner, but also by petitioners family. <u>Miller v. Wainwright</u> 798 F.2d 426 (11th cir. 1986) it's stated; "Trial counsel's failure to investigate alternative lines of defense may constitute ineffective assistance of counsel." For

12.

counsel to have several people and petitioner tell him that petitioner is mentally ill, yet he fails to have the petitioner evaluated. There is no reasonableness in that decision. It is blatantly ineffective and prejudical to the petitioner, violating his constitutional rights and disregarding the Federal rules and law. U.S. v. Burrows 872 F.2d 915 (8th cir. 1989) it state's; "Trial counsel's failure to investigate defendant's mental state and present evidence, at trial based on defendant's mental state constituted a significant claim of ineffective assistance of counsel and required the district court to conduct an evidentiary hearing." Alvord v. Wainwright 469 U.S. 956, 83 L.Ed 2d 291, 105 s.ct. (1984) it's stated; counsel's failure to investigate defendants only plausible line of defense and defers to his clients wishes on defense strategy, where it was clear of clients lack of knowledge, of or his ability to understand the laws and facts constituted ineffective assistance.

18.

certiorari was denied in this case, but Justice Marshall and Brennan wrote dissenting opinions.

B) Petitioner's next claim is that counsel failed to investigate or prepare for cross examination of witnesses. Counsel contends that he did not recieve the names until trial began, and he did not recieve their statements until the day of testimony. Although in his letter to the judge. The state contents that defense counsel only states that he recieved discovery from the prosecutor, not a witness list. Although and I quote from the trial counsel's affidavit/letter to judge; "I intend to hand deliver to him today at S.C.I, all the witness statements for his review and to discuss those statements with him either June 7Th or June 8Th after he has time to read them." This letter is dated June 5Th 2001. Ten days before trial. (see: Appendix for opening brief; A-25) As it is, the defendant had no knowledge as to statements, witnesses, or of

19.

an investigation of these witnesses. The defendant recieved copies of statements of the witnesses at the start of the trial. According to defense counsel, he had the witnesses names and statements as early as June 5, 2001. and was going to give copies to defendant on 7th or 8th of that month. So that the defendant could look over and determine if a defense could be form. But defense counsel did not do this, As it is, he is stating for the courts, that the reason he did not have them. Until the day each witness testified. <u>Miller</u> v. <u>Wainwright</u>, <u>supra</u>. Through the defense counsels own affidavit and the courts record. It can be seen that not only did the defense counsel committ perjury. But he was saying he did not give statements to defendant or prepare cross, was he didn't have them. He was completely ineffective of counsel under both prongs of <u>Strickland</u>.

The supreme court has these documents and dismissed them

20.

as moot. According to the U.S. supreme court when a lawyer blatantly disregards his clients rights to all evidence and witnesses against him. Then the petitioners constitutional rights are violation to such a degree. That only a vacation of verdicts can recitify the wrong.

c) The petitioners next claim lies within the trial counsels failure to secure a witness. Who saw a juror member talking with the victims family.

Trial counsel was approached by a "June Bramble", who notified him that she witnessed Juror #2 talking to the victims family. Trial counsel took this to the judge. Where a hearing was held. The judge said he found no fault. But if counsel were to get the witness. Then they would look more into this. Barnett did not contact the witness, nor tell the defendant of these developments. The petitioner found out of this misconduct after direct appeal.

The state continues to say that

21.

there is nothing to suggest that her testimony would have contradicted the juror's. If this were the case. Then there would not have been a hearing to begin with. Nor would the judge telling Barnett, if he brought the witness forth. Then they would look into it again.

The trial court and state take on the assumption that if a person is related to someone. Then they have access to them. This is not the case in all families. Hassett was and is incarcerated and has had no communication with Bramble. Therefore he had and still have not been able to communicate with Bramble.

The prejudice by counsel, lies in the fact that he had a witness who saw a juror members misconduct. Yet he does not pull the witness into the judges chambers. Nor does he contact the witness after the encounter. Even with the knowledge that this could result in a mistrial. But the biggest factor is that counsel didn't

22.

even tell his client what had occured in the judges chambers. Therefore his unreasonable actions, resulted in grave prejudice. Violating the petitioners 6th, 8th, and 14th amendments U.S.

D) The petitioners arguments based on trial counsel only meeting with him three times and not discussing the case in full. The state's answer to this is, that counsel would not have been able to determine the petitioners 'illness' no matter how long he was "petitioner" presence. (Here the state is admitting to the petitioners mental illnesses.) Also that counsel was restricted to a defense, "I didn't do it, he did", because this was supposely Hassett's claims. Here is where the unreasonableness and prejudice fall in. The defendant has many illnesses. The most pronounced is schizo-affective and schizo-paranoia. Which is the illness of voices, (other people who are not there.) within ones mind and being. Therefore if counsel would have met

23.

with defendant more as well as investigated the facts that defendant told him (counsel) that he was mentally ill. Therefore counsel could have had a better defense for defendant as well as prepare the petitioner for trial. Evans v. Lewis it stated; "Holding that a failure to investigate a possibility of mental impairment;" "can not be construed as a trial tactic". Where he did not even bother to view relevant documents that were available." U.S. v. Burrows, supra, states; "Holding counsels conduct deficient where he failed to investigate a possibility of a mental defense and the "district court's" assumptions that the attorney must have considered an insanity defense, and might have rejected it for strategic reasons, appear not to have been based on the record." As in Burrows, Defense counsel did not have a strategic reason for only meeting with the petitioner three times. Nor was it strategic to not investigate petitioners mental illnesses

24.

or his statement of guilt of involvement. The only strategic move by counsel was to unreasenablely deny petitioner of his right to counsel and a fair trial. Counsels lack of investigation and preperation with petitioner for trial. The lack of counsels performance in this case caused a prejudice so severe, That petitioners whole trial and appeal were a complete miscarriage of Justice.

## Conclusion

For the foregoing reasons the petitioner request that the petition for writ of habeas corpus be upheld. And that the habeas corpus be granted. Giving an order to vacate the sentences and verdicts of guilt, handed down upon the petitioner by the Superior court.

## Certificate of Service

I hereby certify that on December 30, 2005, I filed a reply brief to a Habeas petition with the clerk of court, using the law library legal mail system at S.C.I prison, United States service. I also hereby certify that on December 30, 2005, I have mailed by United states service, of the same document to the following:

Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, Del. 19801
Del. Bar. I.D. No. 3759

sign _Robert Hassett_
Date 12-30-05
Notary Public
_Judith Ann Lederman_
Notary   12/30/05

Robert W. Hassett II
SBI No. 337363
S.C.I.
P.O. Box 500
Georgetown, Del. 19947

JUDITH ANN LEDERMAN
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires August 19, 2007

I/M: Robert Massett BLDG. MSB-25L-1
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947   SBI 337363

office of the Clk
United states Dis.
844 N. King street
Lock Box 18
Wilmington, Dela
19801