IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROBERT W. HASSETT, III,             :
                                    :
              Petitioner,           :
                                    :
     v.                             :    Civ. Act. No. 05-609-JJF
                                    :
RICHARD KEARNEY, Warden,            :
                                    :
              Respondent.           :

**O R D E R**

At Wilmington this 23 day of March, 2006;

IT IS ORDERED that:

Petitioner Robert W. Hassett's Motion For The Appointment Of Counsel is **DENIED** without prejudice to renew. (D.I. 6.)

Petitioner, acting pro se, has no automatic constitutional or statutory right to representation in this federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999). However, the Court may seek representation by counsel for Petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741

F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

    Here, Petitioner seeks representation by counsel because "the issues are meritorious" and he is financially unable to retain counsel. (D.I. 6.) This brief statement fails to demonstrate that the "interests of justice" warrant representation by counsel at this time. Additionally, Petitioner's filings in this Court indicate his ability to present his case. Parham v. Johnson, 126 F.3d 454, 460 (3d Cir. 1997)(citations omitted). It also does not appear that expert testimony will be necessary or that the ultimate resolution of the Petition will depend upon credibility determinations.

                                                    UNITED STATES DISTRICT JUDGE