# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

RECEIVED
mail on
OCT - 3 2006
830 OTG
U.S.C.A. 3rd CIR.

Robert W. Hassett, III, :
Petitioner, :

v. : civ. Act. No. 05-609-JJF

Richard Kearney, Warden :
Respondent :

## Notice of Appeal

Notice is hereby given that Petitioner Robert W. Hassett, pro se, in the above case, appeals to the United States Court of Appeals for the third circuit, from the final judgment entered in this action on the 18th of September 2006

Date: 9-26-06

Respectfully submitted,
Robert Hassett
Robert Hassett
P.O. Box 500 (SBI 337-363)
Georgetown, Del. 19947

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

RECEIVED
OCT - 3 2006
U.S.C.A. 3rd CIR.

Robert W. Hassett, 3rd, :
Petitioner, :
:
v. : Civ. Act, No.
Richard Kearney, warden, : 05-609-JJF
Respondent :

Motion For Issuance Of Certificate Of Probable Cause For Appeal

The petitioner Robert W. Hassett, 3rd, pro se, requests that this court issue a Certificate of probable cause for Appeal in the above-entitled matter, and states in support the following;

1) The petitioner made application to this Court for a writ of habeas corpus, challenging the validity of his detention by the state of Delaware and county of sussex.

2) This court on 9-18-06 denied petitioners

request for writ of habeas corpus.

3) On 9-22-06, petitioner filed a notice of appeal from the order of this Court denying the petition for a writ of habeas corpus.

4) Petitioner cannot appeal this court's denial without the issuance of a certificate of probable cause. (see: 28 U.S.C. § 2253; Fed. R. App. Proc. 22(b).

5) Petitioner intends to raise on appeal the following points, which he believes to be meitorious.

(a)(i) The prosecutor coerced a witness into given false testimony. The district court was erroneous in there dismissal of claim. Due to the fact that petitioner is incarcerated and has no counsel to obtain any statements from witnesses. The courts decision that the petitioner was to obtain futher statements without counsel, was basis and prejudical. The courts were furnished with a statement of coercion by prosecution with limited detail. It was the courts duty to order a hearing to establish the extent of the constitutional violation. see U.S. v. Wong 78 F.3d 73, Lambert v. Blackwell 387 F3d 210.

(a)(ii) The district court was erroneous for dismissing part II of prosecutor misconduct claim, using § 2254(d)(1). The rule used by the state court and the district court [agreed] was applied wrong to this case, as pertaining to this argument. Lambert v. Blackwell 387 F3d 210

(b) The petitioner intends to show that the district court was erroneous to dismiss the petitioners claims of ineffective assistance of counsel. Lambert v. Blackwell 387 F3d 210

(b)(i) The district court relies on the unfounded fact that defendant would not admit to the crime, as reasen for counsel not investigating his mental health, and presenting it at trial, As well as that counsel contacted a psychiatrist. Counsels actions by contacted a psychiatrist about a possible mental health examination, does not constitute investigation of mental health. The defendant will show that he did admit guilt and tried to obtain a manslaughter plea with first counsel, by way of mental health. The district court did not apply the Strickland rule properly to this case.
The district courts application of the factual findings of petitioners mental health were improper and inconclusive. Lambert v. Blackwell 387 F3d 210, 234 [10-11]

(b)(ii) The petitioner intends to show that the district court was erroneous to dismiss argument (b) of ineffective assistance of counsel; (for failure to investigate states witnesses) The petitioner intends to show how the district court misapplied the Strickland rule of prejudice. Trial counsel in this case lied about recieving statements and the prejudice behind his lies. To predict what may come of an investigation is unreasonable. But to show that counsel had oppurtune time to investigate pluasable avenues into witnesses statements and past. But fails to do so, is a violation of the sixth amendment. Thereby creating prejudice so severe by Strickland standards that a district court must reverse convictions.

(b)(iii) The petitioner intends to show that the district court was erroneous in denying the petitioners claim of ineffective assistance of counsel; (counsel failed to secure and present withess of juror misconduct.) The district court misapplied the Strickland rule and relies on an incarcerated, indigent petitioner to obtain statements out of his reach.[1] The district courts standards are a violation of constitutional law. The facts of this case were put forth, and the

Footnote (1) Ex-A-2. Letter by witness; ie refussal to talk.

case were put forth, and the decision reached unfoundedly and inadequately.

(b)(iv) Petitioner intends to show that the district court was erroneous in it's decision on dismissing the petitioners claim of ineffective assistance of counsel, (Trial counsel only met with petitioner Three times and did not fully discuss the case with petitioner.) District court did not deduce from the evidence, the facts that it presented. The defendant intends to prove such additional evidence exist.

(c) The district court denied petitioners Third claim of trial court error, without even addressing the arguments in any format. The petitioner intends to show prejudice as an injustice.

(d) The petitioner intends to show the constitute cause for overriding the procedural default, so claimed by the federal district court.

In the interest of justice, a certificate of appealability is needed and warranted in this case. So as, that an appeal of formal state can be filed to the U.S. court of appeals. Given that all issues will be addressed and explored in the proper light.

Wherefore, Petitioner prays that a certificate of probable cause/certificate of appealability for appeal be issued.

Respectfully Submitted
Robert Hassett
Robert Hassett

P.O. Box 500
Georgetown, Del. 19947

Date: 9-26-06

# Certificate of Service

I hereby certify that on 9-26-06 I mailed a copy of the Certificate of Applalability and Notice of Appeal;

to Elizabeth R. McFarlan, Attorney General, at 820 N. French Street, Wilmington, Del. 19801, the last known address, by way of the U.S. mail or courier.

9-26-06
Date

Robert Hassett

This notice has been placed in the legal mail system on above date.

Robert Hassett 26th September 2006

Judith Ann Lederman

JUDITH ANN LEDERMAN
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires August 19, 2007

26

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT W. HASSETT, III,<br><br>Petitioner,<br><br>v.<br><br>RICHARD KEARNEY, Warden, and CARL C. DANBERG, Attorney General of the State of Delaware,<br><br>Respondent. | : | Civ. Act. No. 05-609-JJF |

**ORDER**

At Wilmington, this 18 day of September, 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Petitioner Robert Hassett, III's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (D.I. 2) is **DISMISSED**, and the relief requested therein is **DENIED**.

2. The Court declines to issue a certificate of appealability because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

[signature]
UNITED STATES DISTRICT JUDGE

Ex-A-1

9/25/06

Dear Willie,

Your mom called me last week & told me what you wanted. I had told her I would send the letter you wanted. However, after discussing it with Ronnie we decided it wasn't a good idea. He said as much trouble as I have had with my blood pressure and other health problems the last couple of years I don't need to be involved in anything that is going to add additional stress for me. When the trial was going on I cried so much for every one involved. I tried to help you as much as I could during that time even telling the lawyer & detectives that I really believed that your dad was involved somehow. In my heart I still believe he was.

I'm sorry, I just can't get involved again. Take care of yourself.

T.F.

J.E. Bramble
175 Hammondtown Road
Harrington, DE 19952

WILMINGTON DE 197
25 SEP 2006 PM 3 L

SCI
Robert W. Hassett
P.O. Box 500
SBI 337363- B Tier
Georgetown, DE 19947

19947+0500

Ex-A-2.